**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD FURMAN BLIZZARD** | ) | **CASE NO. 4:06 CV 2814** |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FCI ELKTON,** *et al.* | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court upon the Motions to Dismiss filed by the Defendants St. Elizabeth Health Center ("St. Elizabeth"), Bruce Ziran M.D. ("Dr. Ziran"), and United States of America ("United States"), referred to collectively as ("Defendants"). (Dkt. # 16, 30, 31).

**I.     BACKGROUND**

Blizzard filed the instant action against several federal corrections institutions, named and unnamed federal employees, St. Elizabeth, and Dr. Ziran. Blizzard states in his Complaint that he is asserting civil rights and malpractice claims, and contends that this Court has jurisdiction over all of his claims pursuant to diversity of citizenship and Title 42

-1-

U.S.C.§1983.  (Dkt. #1, at ¶ 1).

Blizzard's claims arise out of an injury that allegedly occurred on or about January 1, 2004, when he slipped on "a piece of waxed paper and a soda can" at the Federal Correctional Institution at Elkton, OH ("FCI Elkton").  (Dkt. # 1, at ¶ 10).  In the fall, Blizzard allegedly broke his right leg, ankle and foot.  (Dkt. # 1, at. ¶ 11).  Blizzard was taken by ambulance to St. Elizabeth, where he was treated by Dr. Ziran.  (Dkt. # 1, at ¶ 15).  On January 2, 2004, defendant Dr. Ziran performed surgery on Blizzard's leg.  (Dkt. # 1, at ¶ 16).  Blizzard alleges that when he awoke from surgery, he was told that another surgery would be required and was operated on again that same day.  (Dkt. # 1, at ¶ 17).  On January 5, 2004, Blizzard was discharged from St. Elizabeth with instructions for the care of his injured leg.  (Dkt. #1, at ¶ 20).

After his discharge, Blizzard was transported back to FCI Elkton during a snow and ice storm in a non-ambulatory van.  (Dkt. # 1, at ¶ 21).  Blizzard alleges that he was dropped by two guards with no medical training, and that as a result, he suffered additional injuries to his leg.  (Dkt. # 1, at ¶ 27).  Blizzard was x-rayed the following morning at the prison hospital, and claims to have been kicked and further injured by the x-ray technician.  (Dkt. # 1, at ¶ 35).  Blizzard was ordered by prison personnel to engage in physical therapy, and his leg subsequently became infected.  (Dkt. # 1, at ¶ 34).

Blizzard was again transported to St. Elizabeth in a non-ambulatory van on or about February 12, 2004.  (Dkt. # 1, ¶ 37).  Upon arrival at St. Elizabeth Hospital, Dr. Ziran allegedly ordered repeated sets of X-rays for Blizzard.  (Dkt. # 1, ¶ 44).  Blizzard claims

that Dr. Ziran diagnosed a second break in Blizzard's leg, but did not reset Blizzard's leg due to the positioning of his cast. (Dkt. # 1, ¶ 45). Nevertheless, the same day Blizzard was returned to FCI Elkton with instructions for the care of his leg. (Dkt. #1, ¶¶ 47-48). Blizzard states that this was the last time he saw Dr. Ziran at St. Elizabeth. Upon his return to FCI Elkton, Blizzard claims he was confined in an unsanitary segregation cell where he developed a serious infection. (Dkt. #1, ¶ 49). According to Blizzard, on February 17, 2004, he was transported by air to Federal Medical Center Devens ("FMC Devens") which is a medical center in Ayers, Massachusetts. (Dkt. # 1, ¶ 50-55). Blizzard alleges that he had to have his leg re-broken because it was deformed from the second break, that he suffered a heart defibrilation because of the shock he experienced immediately after he broke his leg, and that he broke his foot in a fall due to his weakened conditions from prior injuries. (Dkt. # 1, ¶ 56).

## II. PROCEDURAL HISTORY

Blizzard filed his Complaint on November 1, 2005, against Defendants in the United States District Court for the Eastern District of Pennsylvania. (Dkt. # 1). The Complaint includes four Counts. Count One is against FCI Elkton and appears to be based upon alleged premises liability and negligent assistance following Blizzard's injury. (Dkt. # 1, ¶¶60-75). Count Two is against Bruce Ziran and St. Elizabeth Hospital, and is based in medical negligence. (Dkt. # 1, ¶¶ 76- 85.). Count Three is against FCI Elkton, "FCI Elkton Administration and the Four Unknown Guards" and appears to concern the allegedly poor treatment Blizzard received after his initial accident. (Dkt. # 1, ¶¶ 86-95). Count Four is

against FCI Devens and Sandra Howard, MD (a federally employed physician) and concerns an alleged denial of proper medical treatment. (Dkt. # 1, ¶¶ 92-98).

On October 12, 2006, that United States District Court for the Eastern District of Pennsylvania transferred the lawsuit to the United States District Court for the Northern District of Ohio. In its Memorandum and Order effectuating the transfer, that Court made clear that it only ruled upon the transfer of venue and not the merits of Defendant's Motions to Dismiss. (Dkt. # 27). Consequently, there are three pending Motions to Dismiss before the Court. First, Dr. Ziran filed a motion to dismiss, asserting that: (1) Blizzard's claims are barred by the statute of limitations and; (2) Blizzard's claims are barred because he failed to submit an affidavit of merit from a qualified witness to support his medical claims. (Dkt. # 30). Second, St. Elizabeth filed a Motion to Dismiss, making the same two allegations raised in Dr. Ziran's Motion. (Dkt. # 31). Finally, the United States filed a Motion to Dismiss, asserting that Blizzard's claims are barred by sovereign immunity. (Dkt. # 16).[1] The Court will address each motion in turn.

### III.   LAW AND ARGUMENT

A motion to dismiss may only be granted if it "appears beyond doubt that the Plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Ang v. Proctor & Gamble Co., 932 F.2d 540, 544 (6th Cir.1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For the purposes of a motion to dismiss, "all

---

[1] The Court notes that Defendants Dr. Ziran and St. Elizabeth's filed Motions to Dismiss on December 14, 2006 and December 21, 2006, respectively. Pursuant to Local Rule 7.1(d), Plaintiff "must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." Plaintiff has failed respond within thirty days.

allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." Ang, 932 F.2d at 544. While the court must accept the plaintiff's factual allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." See Lewis v. ACB Bus. Servs., 135 F.3d 389, 405 (6th Cir.1998).

### A.  Statute of Limitations Defense

Dr. Ziran and St. Elizabeth assert that Blizzard's Complaint should be dismissed because Blizzard failed to assert his claim within one year after the accrual of his alleged cause of action. (Dkt. # 30, 31). Specifically, Dr. Ziran and St. Elizabeth point out that the Plaintiff has failed to advance his medical claim within the one-year limitations period provided by Ohio law. Section 2305.113(A) of the Ohio Revise Code provides that an action upon a medical claim shall be commenced within one year after the cause of action accrued. Ohio law defines a "medical claim" as, "any claim that is asserted in any civil action against a physician...that arises out of the medical diagnosis, care, or treatment of any person." Ohio Revised Code §2305.113(E)(3). Plaintiff alleges that he suffered injury as a result of Dr. Ziran's negligent diagnosis, care, and treatment. (Dkt. #1). Therefore, Plaintiff's action is a medical claim governed by the one-year statute of limitations established by O.R.C. §2305.113(E)(3).

Dr. Ziran and St. Elizabeth assert that the discovery rule does not apply in the case at bar. In Oliver v. Kaiser Community Health Found (1983), 449 N.E.2d 438, the Supreme Court of Ohio held that the statute of limitations for a medical malpractice cause of action

-5-

begins to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury. The Supreme Court designated this test the "discovery rule." Id. at 439-440. This test was later modified by the Supreme Court of Ohio several times. For example, in Flowers v. Walker, et al., 63 Ohio St.3d 546, 547 (1992), the court found that cause of action for medical malpractice does not accrue until the patient discovers, or should have discovered in the exercise of reasonable care and diligence, the resulting injury. See Flowers, 63 Ohio St.3d at 548 (citing Oliver v. Kaiser Community Health Found., 5 Ohio St.3d 111 (1983)). This requires the occurrence of a "cognizable event" or "facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which s[he] complains is related to a medical diagnosis, treatment, or procedure that the patient previously received." Flowers, 63 Ohio St.3d at 549 (citing Allenius v. Thomas, 42 Ohio St.3d 131 (1989)).

In Blizzard's Complaint, there are no allegations that trigger the "discovery rule." For example, Blizzard does not allege that he became aware of the extent and seriousness of his injured leg after meeting with Dr. Ziran at St. Elizabeth. To the contrary, Blizzard acknowledges that Dr. Ziran informed him on the day of surgery, January 2, 2004, that a second surgery was needed because a mistake had been made during the first surgery. (Dkt. # 1, at ¶ 17). As a result, Blizzard acknowledges that he was made aware of his condition by Dr. Ziran. Furthermore, Blizzard points out that after February 12, 2004, neither Dr. Ziran nor anyone from St. Elizabeth treated or examined Blizzard. (Dkt. # 1). Taking Blizzard's allegations as true, Blizzard's cause of action for medical malpractice

accrued on January 2, 2004, when the surgery took place. Therefore, Blizzard had to commence his cause of action by January 2, 2004. Because Blizzard did not file his Complaint until November 1, 2005, his claim is barred by the statute of limitations. Therefore, Blizzard's claims against Dr. Ziran and St. Elizabeth must be dismissed.[2]

### B.     Sovereign Immunity

The United States argues that Blizzard's tort claims must be dismissed because he failed to exhaust administrative remedies. On March 1, 2006, Blizzard stipulated that his claims against all of the federal defendants are brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq (Dkt. # 15). Blizzard further stipulated to the substitution of the United States as the sole defendant in the place of all of the defendant federal employees and all of the federal correctional institutions, and to the dismissal from the action of all of the federal employees and institutions. Id.

Under the FTCA, a party may not maintain an action against the United States for damages "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing..." 28 U.S.C. § 2675(a). The requirement that a party file an administrative claim is an absolute prerequisite to the filing of a civil action against the United States. See McNeil v. United States, 508 U.S. 106, 112-13 (1993). "This requirement is jurisdictional and cannot be

---

[2] Defendants Dr. Ziran and St. Elizabeth also assert that Blizzard's claim should be dismissed because Blizzard did not affix an affidavit of merit from a qualified witness as to the merits of his claim. (Dkt. # 30, 31). Because Blizzard's claim was not brought within the statute of limitations, it is not necessary for the Court to address this argument.

waived." Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982).

In determining whether an administrative claim has been filed in accordance with § 2675(a),

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).

Blizzard has not presented evidence to indicate that he filed an administrative claim in accordance with 28 C.F.R. § 14.2(a), nor does he allege that he did so in his Complaint. (Dkt. # 1).[3] In Blizzard's Response to United States' Motion to Dismiss, he appears to argue that he should be excused from exhausting administrative remedies because he was incarcerated at the time his claim arose. For example, he states that "the law should never impose a duty on a prisoner to comply with notices when those notices must be conveyed through the persons against whom the complaint are being made." (Dkt. #18, p. 9).

---

[3]

The Unied States submitted Declaration of Darrin Howard, Esq., an attorney for the United States Department of Justice, Bureau of Prisons ("BOP"), in its Motion to Dismiss (Dkt. # 16, Ex. B). Howard's responsibilities include monitoring and processing administrative claims against BOP. (Dkt. # 16, Ex. B). Howard has searched BOP's administrative tort claim database and has determined that Blizzard has not filed an administrative tort claim concerning the conduct by federal employees alleged in the Complaint causing the injuries to plaintiff alleged in the Complaint. (Dkt. # 16, Ex. B).

However, the Sixth Circuit has made it clear that there is no equitable exception to the jurisdictional prerequisites of the FTCA. See Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982). Because Blizzard failed to comply with the administrative claim requirement mandated by the FTCA, this Court lacks jurisdiction over Blizzard's claims against the United States. Accordingly, Blizzard's claims against the United States must be dismissed.

Accordingly, the Court hereby orders that the Motions to Dismiss filed by the Defendants Dr. Ziran and St. Elizabeth are **GRANTED**. (Dkt. # 30, 31). Plaintiff's claims against Defendants, Dr. Ziran and St. Elizabeth, are dismissed **WITH PREJUDICE.** The Court also orders that the Motion to Dismiss filed by Defendant United States is **GRANTED.** (Dkt. # 16). Plaintiff's claims against the United States are dismissed **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - 02/01/07**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**